IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL DANIEL WHITE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-2002-M |
| § | |
| ROY CALLENDER AND TOMMY § | |
| EBERHART, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management, including the disposition of non-dispositive motions, and for findings, conclusions, and recommendations on dispositive motions. Before the Court for consideration is the Motion to Dismiss or for More Definite Statement ("Motion," docs. 12 & 13, filed September 26, 2011)[1] of Defendants Roy Callender and Tommy Eberhart ("Defendants"). Additionally, the Court will consider Defendants' Motion to Stay Discovery and Disclosure (doc. 15, filed September 26, 2011). Plaintiff, Carl Daniel White ("Plaintiff"), failed to respond to the motions, and the time to file responses has expired. Because Defendants bring both dispositive and non-dispositive motions that are related, the Court will make findings, conclusions, and recommendations on all of the pending motions.

**Preliminary Matter**

Plaintiff was an inmate in the Wayne McCollum Detention Center ("McCollum") in Waxahachie, Texas, at all times relevant to this action. McCollum, a non jural entity, is the county

---

[1] Defendants' alternative Motion for More Definite Statement is found in document 13.

detention facility for Ellis County and is operated by the Ellis County Sheriff. In the Motion to Dismiss, McCollum requests the Court to dismiss McCollum as a defendant because McCollum is non-jural entity. Although McCollum may not be sued and Plaintiff has indicated he would like to hold McCollum responsible, McCollum has neither been served nor named as a defendant. Accordingly, McCollum is not a defendant, and McCollum's request for dismissal is not required.

### Background

Plaintiff filed suit for violation of his civil rights pursuant to 42 U.S.C. § 1983 against Defendants, employees of McCollum. Defendants have pled the defense of qualified immunity to Plaintiff's claim for damages arising from Defendants' alleged use of excessive force during an incident at McCollum. Defendants contend the case should be dismissed based upon their defense of qualified immunity. (Doc. 12.) Alternatively, in their Motion for More Definite Statement, Defendants request that Plaintiff be ordered to replead to make specific factual allegations sufficient to defeat the defense of qualified immunity. (Doc. 13.)

### Standard of Review

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation and footnote omitted). However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Thus,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Further, when qualified immunity is raised as a defense, dismissal of an action after giving the plaintiff only one opportunity to state his case may be unjustified. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). *See Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 997 (5th Cir. 1995).

### **Qualified Immunity**

Defendants seek dismissal of the claims against them on the basis of qualified immunity. The doctrine of qualified immunity shields state officials from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McClendon v. City of Columbia,* 305 F.3d 314, 322 (5th Cir. 2002) (en banc) (per curiam) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). To determine whether an official is entitled to qualified immunity from a suit alleging a constitutional violation, the court conducts a familiar two-step inquiry: Under one prong of the inquiry, the court determines whether the plaintiff's allegations allege facts to establish that the official violated the plaintiff's constitutional rights. *Hope v. Pelzer,* 536 U.S. 730, 736 (2002). Whether the facts establish a violation of a constitutional right is determined with reference to current law. *See Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005); *McClendon,* 305 F.3d at 323. Under the other prong, the court also must decide if the right at issue was "clearly established" at the time of the defendant's alleged

3

misconduct. *See McClendon,* 305 F.3d at 323. Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 235 (2009), receding from *Saucier v. Katz*, 533 U.S. 194 (2001).

To overcome qualified immunity at the pleading stage, a plaintiff's complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Ordinarily, qualified immunity is irrelevant to the existence of a plaintiff's cause of action because it is a defense available to the official in question. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). However, a motion to dismiss on grounds of immunity "effectively assert[s] immunity from discovery, from suit, and from liability." *Cf. Johnson v. Johnson,* 385 F.3d 503, 528 (5th Cir.2004) (making statement in context of a motion for judgment on the pleadings on grounds of qualified immunity). Even limited discovery is not proper until the Court first finds that the pleadings assert facts which, if true, are sufficient to overcome the immunity defense. *See Wicks v. Miss. State Employment Servs.,* 41 F.3d 991, 994-95 (5th Cir. 1995) (addressing discovery in context of qualified immunity and holding that if the "complaint falls short of this standard, the district court should rule on the motion to dismiss before any discovery is allowed"). The burden is on the plaintiff to disprove a defendant's qualified immunity defense. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *McClendon*, 305 F.3d at 323. To satisfy that burden on a motion to dismiss, the plaintiff must allege facts which show that a defendant violated the plaintiff's constitutional rights and that the violation was objectively unreasonable. *Club Retro, L.L.C.*, 568 F.3d at 194; *Atteberry*, 430 F.3d at 253.

**Analysis**

To state an excessive force claim, a plaintiff must allege "(1) an injury which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996) (quoting *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993)). The proper analysis includes both an objective and a subjective component. Under the objective component, a court must determine whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)). Under the subjective component, a plaintiff must show that the defendant acted "maliciously and sadistically to cause harm . . . " *Hudson*, 503 U.S. at 7.

According to Defendants, Plaintiff's only factual allegations are: "On July 13th, 2011 while incarcerated at the Wayne McCullum [sic] Detention Center [I] sustained an injury due to Excessive use of Force. I was slammed face first to the concrete floor which resulted in a serious injury. I am now blind in my right eye." Defendants contend there are no further factual allegations and dismissal is required.

The Court has examined the Complaint and finds Plaintiff also alleges that Callender "tripped me up and slammed me face first to the floor," and that Eberhart "crashed down on top of me when I was slammed to the floor." (Compl., § IV, B.) Moreover, Plaintiff alleges in relevant part:

> On or about July 13th, 2011 I was involved in a verbal arguement [sic] with another inmate. The Detention Officer who was working in my living quarters who was Officer Young, called on the radio for assistance. Several Detention Officers including Lt. Callender and Lt. Eberhart responded. As I was approached by Lt. Callender and Lt. Eberhart, I was ordered to place my hands behind my back and go to the ground. I complied by placing my hands behind my back, but was unable to

5

>go to the ground due to Lt. Callender and Lt. Eberhart having hold of my arms just above my elbows. Then Lt. Callender stuck his leg out and pushed me in the upper back slamming me face first into the floor which is a concrete foundation. I sustained a[n] injury to my eye, as well as [a] laceration just above my eye. This took place around 2:47 P.M. Medical attempted to use some tape strips at first to close the laceration which I informed them a[n] hour later that it did not work and I was still gushing blood. Around 7:30 P.M. Medical had stated I needed to go to the Emergency Room to receive stitches. I was not transported to the Hospital until about 11:30 P.M. I bled for eight and one-half hours.
>
>On July 14th, 2011 while I was playing cards in my living quarters, Lt. Eberhart came in gloating and laughing about what had taken place. That shows unprofessionalism in the Wayne McCullem [sic] Detention Center.
>
>On July 18th, 2011 I lost vision to the eye I sustained injury to. I was taken to two different hospitals on July 19th, 2011 and have had a Ct scan along with several grueling eye tests, and must go to a specialist later this week.

(Complaint (doc. 2), at 7-8. )[2]

Plaintiff in this case is proceeding *pro se*; therefore, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

The terms of 28 U.S.C. § 1746 govern verification of an unsworn complaint. A plaintiff may declare under penalty of perjury that the factual allegations contained in the pleading are true and correct. *See* 28 U.S.C § 1746. The factual allegations of the verified complaint are endowed with the evidentiary force of an affidavit. *Id.* When a *pro se* plaintiff properly executes a complaint or other pleadings which call for a declaration in conformity with 28 U.S.C § 1746, the plaintiff's

---

[2] Plaintiff also states that his legal documents received from the Clerk had been opened before he received them, that McCollum Detention Center was responsible, and that he wants to add this to his lawsuit. Additionally, Plaintiff states that he won't be seeing an eye specialist because the prison won't pay for it and he is being denied medical rights and needed treatment. He also wants to add this claimed "denial of medical rights" to the lawsuit.

statements are transformed from mere allegations of a pleading into specific facts as if they were in an evidentiary affidavit. *Searcy v. Cooper*, 2002 WL 535058 (N.D. Tex. Apr. 9, 2002) (citing *McNeal v. Macht*, 763 F. Supp. 1458, 1461 (E.D. Wis. 1991)) (citing *Murrell v. Bennett*, 615 F.2d 306, 310 & n. 5 (5th Cir. 1980)).

Defendants used force on Plaintiff when they were called to quell a prisoner altercation in which Plaintiff was involved in the housing unit. Plaintiff alleges he suffered a more than *de minimus* injury. It is plausible that the force Defendants used on Plaintiff was excessive to the need, but Plaintiff has asserted no facts that overcome Defendants' qualified immunity defense. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Plaintiff has not alleged any facts to show that Defendants' actions were objectively unreasonable. The Court is cognizant of the proposition that when qualified immunity is raised as a defense, dismissal of an action after giving the plaintiff only one opportunity to state his case may be unjustified. *Jacquez*, 801 F.2d at 792. Accordingly, the Court recommends that the District Court deny Defendants' Motion to Dismiss and give Plaintiff an opportunity to plead facts that would overcome the qualified immunity defense.

### **Defendants' Alternative Motion to Require Plaintiff to Plead More Facts**

Defendants have requested that if dismissal of the case is not warranted, the Court order Plaintiff to re-plead to make specific factual allegations sufficient to defeat the defense of qualified immunity. (Doc. 13.) Under these circumstances, a district court has discretion to require the plaintiff to file a reply specifically tailored to that defense under Rule 7(a) of the Federal Rules of Civil Procedure. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

7

A Rule 7(a) reply is required when a plaintiff pleads only sparse details of claimed wrongdoing by officials. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (citing *Schultea*, 47 F.3d at 1430, 1432, 1434). The court should exercise this narrow discretion when greater detail might assist in vindicating an immunity defense. *Schultea*, 47 F.3d at 1434.

The Court has reviewed Plaintiff's complaint and concludes that it lacks specificity and particularity as to Defendants' acts, conduct, or omissions that would overcome the qualified immunity defense. Plaintiff needs to specify what each Defendant did, the circumstances under which the Defendants were subduing him, why the Officers' hold on his arms kept him from obeying the order to go to the ground and whether the Officers knew the hold was keeping him from obeying their order and how they knew it, the location of the other inmates at the time, including the inmate with whom Plaintiff had the altercation, and the facts that led Officer Eberhart to "crash down on top of him when he was on the floor." Additionally, Plaintiff must state the facts that lead him to believe that the Officers acted "maliciously and sadistically to cause harm . . . ," rather than in an attempt to restore order.

## Defendants' Motion to Stay Discovery

Defendants request that the Court stay discovery pending the Court's ruling on the Motion to Dismiss. Generally, a plaintiff may not obtain discovery against a party asserting qualified immunity until the Court first finds that the pleadings assert facts sufficient to overcome the qualified immunity defense. *See, e.g., Wicks*, 41 F.3d at 994. However, "a party asserting the defense of qualified immunity is not immune from all discovery, only that which is 'avoidable or overly broad.'" *Wicks*, 41 F.3d at 994 (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)). In his verified complaint, Plaintiff contends that "all of his claims are backed not only by

8

witnesses but by video surveillance." The Court finds that Plaintiff's discovery of the names and statements of the witnesses and the video recording of the incident in question may be necessary to "clarify those facts upon which the immunity defense turns." *Wicks,* 41 F.3d at 995. At a minimum Defendants are directed to immediately preserve the video recording and to notify the Court that it has been preserved. Accordingly, the Motion to Stay Discovery and Disclosure (doc. 15) should be granted in part and denied in part.

## Recommendation

The Court recommends that Defendants' Motion to Dismiss (doc. 12) be **DENIED**. Defendants' alternative Motion for More Definite Statement (doc. 13) should be **GRANTED,** to the extent that Plaintiff should be **ORDERED** to file a **Rule 7(a) Reply** that complies with the terms of this Court's recommendation and states the facts upon which he relies to show that Defendants are not entitled to qualified immunity. The Motion for More Definite Statement should be **DENIED** in all other particulars.

Defendants' Motion to Stay Discovery and Disclosure (doc. 15) should be **DENIED in part** and **GRANTED in part**. The Motion to Stay Discovery should be **denied** to the extent that Defendants should disclose the names and statements of any witnesses to the incident (including incident reports) and any video recording of the incident in question. The Motion should be **granted** to the extent that all other discovery should be stayed. All relief requested but not specifically granted should be **DENIED**.

SO RECOMMENDED, November 16, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).