IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL DANIEL WHITE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 3:11-CV-2002-M |
| | § |
| ROY CALLENDER AND TOMMY EBERHART, | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management, including the disposition of non-dispositive motions, and findings, conclusions, and recommendations on dispositive motions. On December 28, 2011, the United States Postal Service returned as undeliverable the District Court's Order accepting the findings, conclusions, and recommendation of the United States Magistrate Judge and ordering Plaintiff to file a Rule 7(a) Reply within thirty days. (Doc. 23.) The Clerk noted Plaintiff had not filed an address update. (*Id*.) Plaintiff has failed to file a Rule 7(a) Reply as Ordered by the District Court. On December 9, 2011, Defendants filed a Motion to Dismiss based upon the fact that Plaintiff has failed to keep the Court informed of his address.

FED. R. CIV. P. 41(b) allows a court to dismiss an action for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

As stated, Plaintiff has failed to comply with the District Court's December 14, 2011 Order to file a Rule 7(a) Reply. Moreover, Plaintiff has failed to keep the Court informed of his address as required by this Court's Order of August 31, 2011. The Order notified Plaintiff that failure to keep the Court informed of his current address could result the dismissal of the complaint for failure to prosecute. (Doc. 5.) The District Court should exercise its authority to dismiss this case based upon Plaintiff's unexplained failures to follow the Orders of the Court and thus to prosecute his case.

### Recommendation

The Court recommends that the District Court dismiss Plaintiff's case pursuant to FED. R. CIV. P. 41(b) for failure to prosecute. Defendant's Motion to Dismiss (doc. 25) should be denied as moot.

**SO RECOMMENDED**, January 17, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).